**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| William Harvey Drayton,<br>Plaintiff,<br>v.<br>Helix Electric Incorporated,<br>Defendant. | No. CV-26-03974-PHX-SHD<br>**ORDER** |

Pending before me is Defendant Helix Electric Incorporated's ("Helix") Motion to Set Aside Entry of Default, (Doc. 15), and Motion to Compel Arbitration, (Doc. 15). Plaintiff William Drayton, proceeding pro se, responded to the motion to set aside default, (Doc. 16), and Helix replied, (Doc. 17). For the reasons below, the motion to est aside default will be **denied without prejudice** to renewal on a properly supported record. The motion to compel arbitration will be **denied without prejudice** as moot.

## I. BACKGROUND

On September 10, 2026, a process server delivered the summons and complaint to Helix's registered agent, CT Corporation System. (Doc. 12 at 4; Doc. 16 at 45.) Helix's response was due October 1, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Helix did not respond, and the Clerk entered default on October 22, 2026. (Doc. 13.) Helix moved to set aside the default four days later. (Doc. 15.) In reply, Helix's General Counsel declares that CT Corporation emailed the summons and complaint to a former assistant controller who left Helix at least three years earlier. (Doc. 17 at 7–8.)

## II. LEGAL STANDARD

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine good cause, courts consider three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether setting aside the default would prejudice the plaintiff. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The test is disjunctive: "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* (citation omitted). The movant bears the burden of demonstrating good cause. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *abrogated on other grounds by Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001). Default is a "drastic step," and cases should be decided on the merits whenever possible. *Mesle*, 615 F.3d at 1091. That preference, however, does not relieve Helix of its burden. *See TCI Group*, 244 F.3d at 696.

## III. DISCUSSION

### A. Culpable Conduct

Under *TCI Group*, a defendant's conduct is culpable if it "has received actual or constructive notice of the filing of the action and intentionally failed to answer." 244 F.3d at 697 (emphasis omitted). Ordinarily, a failure to answer is intentional where there is no explanation "inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698. But for a legally sophisticated party, "an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Mesle*, 615 F.3d at 1093. Thus, when a legally sophisticated defendant "'has received actual or constructive notice of the filing of the action and failed to answer,' its conduct is culpable." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988)).

Helix had constructive notice. Service on a registered agent is service on the corporation. Fed. R. Civ. P. 4(h)(1)(B). Helix's General Counsel acknowledges that

Helix's registered agent, CT Corporation, received the summons and complaint. (Doc. 17 at 7–8 (declaring that CT Corporation forwarded "the Summons and Plaintiff's Complaint," albeit "to the wrong person").)[1] Helix is also legally sophisticated. It has employed in-house counsel since at least 2017, has had a General Counsel since 2022, and retains outside employment counsel. (*Id.* at 7.) Put another way, it is precisely the kind of party that understands the consequences of failing to respond to a summons. *See Mesle*, 615 F.3d at 1093. Intentionality, and culpability, may therefore be assumed based on this record.

Even without presuming intentionality, Helix's explanation does not carry its burden. The declaration does not explain how CT Corporation came to route process to a long-departed employee rather than to Helix's CEO. It does not say whether that employee's address remained on Helix's account or whether Helix ever updated its contact information. It attaches no records from CT Corporation to its motion or reply. It states only that Helix "is not aware of receiving a physical copy," without describing any search. It does not address Drayton's later package to the same agent, delivered October 19, 2026, and signed for by "D. Gonzales." (Doc. 16 at 36–39.) Helix's counsel discovered the default by checking "the docket for this case," a practice that presupposes awareness of the case. (Doc. 17 at 7.) Yet Helix never states when it or its counsel first learned the action was pending. Helix also offered this evidence only in reply, leaving Drayton no opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the non-movant an opportunity to respond." (citation modified)). Ultimately, ensuring that process reaches it from its chosen agent is Helix's responsibility.

On this record, Helix has failed to carry its burden of demonstrating good cause because its evidentiary showing regarding culpability is inadequate, and I therefore decline

[1] This acknowledgment disposes of Helix's suggestion that the complaint may not have been served. (Doc. 15 at 3.)

to set aside the entry of default.[2]

**B. Meritorious Defense**

A movant must "present specific facts that would constitute a defense." *TCI Group*, 244 F.3d at 700. It need only allege facts that, if true, would constitute a defense. *Mesle*, 615 F.3d at 1094. Helix's limitations defense identifies no date on which the right-to-sue notice was issued or received, so it is impossible to discern whether its limitations defense has any merit. *See Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007) (holding that the 90-day limitations period runs from the date of receipt). Its service objection is refuted by its own declaration. Its arbitration argument rests on an agreement Helix has neither produced nor described, though Helix would bear the burden of proving its existence. *See Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014).

Helix's account of the sub-panel incident is more specific and suggests that Helix may have had "legitimate, non-discriminatory reasons to terminate Plaintiff." (Doc. 15 at 2.) I assume without deciding that Helix satisfies this factor.

**C. Prejudice**

Drayton identifies no prejudice beyond delay and concedes that delay alone is insufficient. (Doc. 16 at 5.) Nothing suggests his "ability to pursue his claim will be hindered," *TCI Group*, 244 F.3d at 701, so this factor favors Helix.

**D. Disposition**

Helix's failure to carry its burden as to culpability is sufficient reason to deny relief. *Mesle*, 615 F.3d at 1091. Nonetheless, I retain discretion to allow Helix to move again and provide an adequate evidentiary basis for me to find a lack of culpability, especially because only entry of default is at issue. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) ("The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment."). Several

[2] Counsel's nonreceipt of the default papers is immaterial. Counsel had not appeared, and no service is required on a party in default for failing to appear. Fed. R. Civ. P. 5(a)(2).

considerations favor allowing Helix another opportunity to argue the issue: Helix moved to set aside default within four days of its entry; Drayton identifies no cognizable prejudice; and as noted above, cases should be decided on the merits whenever possible. *Mesle*, 615 F.3d at 1091. Helix may yet substantiate that its default was not culpable—such as by showing that the default resulted from its agent's errors despite accurate, current contact information—and such a showing could bear on whether I should exercise my discretion in Helix's favor.

I will therefore permit one renewed motion. It must be supported by declarations based on personal knowledge, with available records attached, and must address:

1) the contact information CT Corporation held for Helix when process was served, when Helix last confirmed or updated it, and how CT Corporation transmitted the summons and complaint, including any mailed copy;
2) when and how Helix, its in-house counsel, and its outside counsel first learned of this action;
3) the handling of the package delivered to CT Corporation on October 19, 2026; and
4) the steps Helix took to determine whether it received a mailed copy of process.

Helix may not supply this evidence for the first time in reply.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying without prejudice Helix's Motion to Set Aside Entry of Default (Doc. 15). The entry of default (Doc. 13) remains in effect pending further order.

**IT IS FURTHER ORDERED** that Helix may file one renewed motion consistent with Section III(D) **within 14 days** of this Order. Drayton may respond, and Helix may reply, as provided in LRCiv 7.2(c)–(d).

**IT IS FURTHER ORDERED** that if Helix does not timely file a renewed motion, Drayton may move for default judgment within 30 days after the renewal deadline expires.

**IT IS FINALLY ORDERED** that Helix's pending Motion to Compel Arbitration and Stay Proceedings (Doc. 18) is **denied without prejudice** as moot.

Dated this 23rd day of November, 2026.

Honorable Sharad H. Desai
United States District Judge